UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LINDA OPDYCKE, an individual,<br><br>Plaintiff,<br><br>v.<br><br>EUROSPORT HORSES, INC., a Nevada corporation; ANN ABBOTT; and JUSTIN RESNIK,<br><br>Defendants. | CASE NO. C04-2293RSM<br><br>ORDER ON MOTION TO VACATE DEFAULT JUDGMENT |

This matter is before the Court on defendants' motion to set aside entry of default and vacate the default judgment. The Court has reviewed the motion, the response and reply, and all attached declarations. For the reasons set forth below, defendants' motion is DENIED.

DISCUSSION AND ANALYSIS

Plaintiff filed this action seeking damages for breach of contract and other claims arising from her purchase of a horse, Lara I, from defendants. Lara I, a Holsteiner mare, was represented to be a sound and competent Grand Prix-level jumper, but appeared lame when she arrived from Germany. Shortly thereafter, the horse was diagnosed with a chronic tendon condition, and plaintiff, through counsel, sought recision of the sale and return of the $103,445 she paid for Lara I. The ensuing negotiations failed, and plaintiff filed this diversity suit on November 10, 2004.

On December 9, 2004, defendant Ann Abbott, a California resident, signed waivers of service

ORDER ON MOTION TO VACATE
JUDGMENT OF DEFAULT - 1

both on her own behalf and as secretary for the corporation Eurosport Horses, Inc.[1] The waivers advised defendants that an answer or Rule 12 motion was due sixty days from November 11, 2004, or judgment of default would be entered. On January 28, 2005, with no Notice of Appearance or answer having been filed, plaintiff moved for default. Default was entered by the Clerk on January 31, 2005, and plaintiff's motion for default judgment was granted by the Court on February 23, 2005.

Counsel appeared for defendants Ann Abbott and Eurosport Horses, Inc., on March 11, 2005, and five days later filed a motion to vacate the default judgment, pursuant to Fed.R.Civ. Proc. 60(b)(1). Defendants assert that plaintiff moved for entry of default and default judgment "knowing that Defendants were unrepresented and struggling to find counsel in a foreign jurisdiction." Defendants contend that their failure to timely answer the complaint was due to excusable neglect. They further allege that this Court lacks personal jurisdiction over them. This latter contention will be addressed first.

The two factors to be considered by the Court before exercising personal jurisdiction over a nonresident defendant in a diversity case are: "(1) whether an applicable state rule or statute potentially confers jurisdiction over the defendant; and (2) whether assertion of such jurisdiction accords with constitutional principles of due process." Flynt Distributing Co., Inc. v. Harvey, 734 F. 2d 1389, 1392 (9th Cir. 1984). Jurisdictional inquiries under state law and federal due process merge into one analysis when the state's long-arm statute is "co-extensive with federal due process requirements." Roth v. Garcia Marquez, 942 F. 2d 617, 620 (9th Cir. 1991). By statute, Washington permits the assertion of general jurisdiction over a foreign defendant, whether a person or a corporation, who is "doing business" within the state. RCW 4.28.080(10); RCW 4.28.185(1)(a). The Washington courts have ruled that the "doing business" requirement "subsumes the due process requirement." Hartley, et al., v. American Contract Bridge League, 61 Wn. App. 600, 605 (1991); *citing* Hein v. Taco Bell, 60 Wn. App. 325, 330 (1991). Therefore, personal jurisdiction over defendants may be analyzed under federal due process requirements.

---

[1] Justin Resnik, President of Eurosport Horses, Inc., resides in Europe and has not been served in this action.

ORDER ON MOTION TO VACATE
JUDGMENT OF DEFAULT - 2

The Due Process Clause of the Constitution requires that a defendant have "certain minimum contacts" with the forum state "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." International Shoe Co. v. Washington, 326 U.S. 310, 319 (1945). The contacts must be such that defendants "should reasonably anticipate being haled into court" in this state. Sher v. Johnson, 911 F. 2d 1357, 1361 (9th Cir. 1990); *quoting* World Wide Volkswagon Corp. v. Woodson, 444 U.S. 286, 297 (1980). The minimum contacts requirement performs two functions: it "protects the defendant against the burden of litigating in a distant or inconvenient forum. And it acts to ensure that the States[,] through their courts, do not reach out beyond the limits imposed on them by their status as coequal sovereigns in a federal system." Id. at 292.

In applying these requirements, the courts have created two jurisdictional concepts: general and specific jurisdiction. Reebok International, Ltd., v. McLaughlin, 49 F. 3d 1387, 1391 (9th Cir. 1995). A court may exercise general jurisdiction over a defendant when that defendant's contacts with the forum are continuous, systematic, and substantial. Id. That does not apply here. Specific jurisdiction, on the other hand, may be found when the cause of action arises out of a defendant's contact with or activities in the forum state. Roth, 942 F. 2d at 620. Courts in the Ninth Circuit use a three-part test to determine if personal jurisdiction may be asserted over a non-resident defendant: (1) the defendant must perform some act, or consummate some transaction, or otherwise purposefully avail itself of the privilege of conducting activities in the forum state; (2) the plaintiff's claim must arise out of or result from the defendants' forum-related activities; and (3) the exercise of jurisdiction must be reasonable. Medinah Mining, Inc., v. Amunategui, et al., 237 F. Supp. 1132, 1134 (D.Nev. 2002); *citing* Bancroft & Masters, Inc. v. Augusta National Inc., 223 F. 3d 1082 (9th Cir. 2000).

Specific jurisdiction is proper only when "the contacts proximately result from actions by the defendant *himself* that create a 'substantial connection' with the forum state." Burger King Corporation v. Rudzewicz, , 471 U.S. 462, 475 (1985). In examining the purposeful availment prong, the court must analyze "whether the defendant's contacts with the forum are attributable to his own actions or are solely the actions of the plaintiff." Roth, 942 F. 2d at 621. The defendant need not have been physically

ORDER ON MOTION TO VACATE
JUDGMENT OF DEFAULT - 3

present in the forum state, so long as its actions were "purposefully directed" toward a forum resident. Panavision International, L.P. v. Toeppen, 141 F. 3d 1316, 1320 (9th Cir. 1998).

Applying these principles here, the Court finds that the purposeful availment prong has been met by Ann Abbott's initiation of contact aimed at a business relationship with plaintiff regarding the horse Lara I. This followed an earlier and extensive e-mail correspondence between the two, which plaintiff initiated by inquiring about Eurosport horses available for purchase. She then bought a horse locally, and told Ann Abbott she was no longer interested in the Eurosport horses, ending the flow of e-mails. Several months later, Ann Abbott e-mailed plaintiff, whom she knew resided in Washington State, regarding her possible interest in a new horse, Lara I. This e-mail constitutes a purposeful act by defendant directed at a resident of the forum state. Plaintiff responded that she might be interested in buying a second, more experienced horse, and she did in fact buy Lara I as a result of this contact.[2] Thus, this cause of action arose directly from that contact. In light of these facts, and the fact that evidence regarding the horse's condition and other matter related to the breach of contract are here, this Court's exercise of personal jurisdiction over Ann Abbott and Eurosport Horses, Inc., is reasonable. Defendants' motion to vacate the default judgment for lack of personal jurisdiction is accordingly denied.

Pursuant to F.R.Civ. Proc. 60(b)(1), a judgment for default may be set aside for "mistake, inadvertence, surprise, or excusable neglect, or fraud, misrepresentation, or other misconduct of an adverse party." American Association of Naturopathic Physicians v. Hayhurst, 227 F. 3d 1104, 1108 (9th Cir. 2000); *cert. denied*, 532 U.S. 1108 (2001). The district court may deny a Rule 60(b)(1) motion to vacate or set aside a default judgment if (1) the plaintiff would be prejudiced if the judgment is set aside, (2) defendant has no meritorious defense, or (3) the defendant's culpable conduct led to the default. Id., *citing* In re Hammer, 940 F. 2d 524, 525-26 (9th Cir. 1991). This three-prong test is disjunctive,

---

[2] These facts and other regarding the horse's lameness are presented in declarations which defendants have moved to strike because they bear only typed signatures, in violation of the electronic filing rules. The Court notes that the bench copies contemporaneously provided to the Court bear actual signatures, dated the same day as the declaration. Plaintiff has since filed, by praecipe, copies of the signature page for each challenged declaration. Defendants' motion to strike is accordingly denied.

ORDER ON MOTION TO VACATE
JUDGMENT OF DEFAULT - 4

meaning that the Court may deny the motion on any one of the three bases.  <u>Hammer</u>, 940 F. 2d at 1108.

"[A] defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action, and intentionally failed to answer." <u>TCI Group Life Insurance Plan v. Knoebber</u>, 244 F. 3d 691, 697 (9th Cir. 2001); *quoting* <u>Alan Neuman Products, Inc., v. Albright</u>, 862 F. 2d 1388, 1392 (9th Cir. 1988).  The "intentional" aspect of this test requires a showing that the defendant's conduct demonstrated "devious, deliberate, willful, or bad faith failure to respond." <u>Id</u>. at 698.  The defaulting party's general familiarity with legal process, or a consultation with lawyers, may be considered pertinent to the determination whether that party's conduct in failing to answer was deliberate, willful, or in bad faith. <u>Knoebber</u>, 244 F. 3d at 699 n. 6.  Thus, a defendant may be found culpable where she is aware of the relevant law and sufficiently experienced in the requirements of the law to protect her interests. <u>Meadows v. Dominican Republic</u>, 817 F. 2d 517, 522 (9th Cir. 1987).

In the declaration supporting her motion to vacate the default judgment, defendant asserts that she attempted to find counsel in Washington by contacting an attorney "known to me through my husband." She did not identify the attorney.  This attorney reported to her that he had gotten an extension of time to answer, but she heard no more from him after that.  She states, "I later discovered he had not taken my case, had not made an appearance in the case and allowed me to suffer a default judgment." She then engaged counsel, who filed the motion to vacate the default judgment.

Plaintiff has opposed this motion with evidence showing, among other things, that defendants have been sued by customers of Eurosport on at least two previous occasions.  This would demonstrate defendants' familiarity with the legal process and the need to respond to a complaint.  Furthermore, there is no question that Ann Abbott did consult with lawyers, both her California lawyer and counsel in Washington State.  She states in her supplemental declaration that her counsel in California suggested that she hire a Washington attorney, because the California attorney was not licensed to practice in Washington State.  However, it is not necessary for an attorney to be a member of the Washington State bar to apply to appear in this Court *pro hac vice*.  Local Rule GR 2(d).  Moreover, Washington attorney Gil Webber, whom defendant finally named in her supplemental declaration, does not appear on the role

ORDER ON MOTION TO VACATE
JUDGMENT OF DEFAULT - 5

of attorneys admitted to practice in this Court, and would therefore have had to apply for leave to appear. As defendants admit in their reply and accompanying supplemental declaration, Mr. Webber did not agree to represent her, but only to "take a look" and "get things worked out."  According to plaintiff's counsel, an unnamed attorney from Omak, Washington, called him on January 13, 2005, on or about the day the answer was due, to explain that he did not represent defendants but would like an extension of time to answer so he could find a Seattle attorney.  Counsel agreed to wait until January 26 for the answer, but when none was filed and there was no further contact on behalf of defendants, the motion for default was filed, on January 28.

Defendants argue that Mr. Webber's failure to enter an appearance in the case constitutes gross negligence and virtual abandonment of his client, such as to justify   setting aside the default. Community Dental Services v. Tani, 282 F. 3d 1164, 1170 (9th Cir. 2002).  However, it appears from the record that Mr. Webber never undertook to actually represent defendants.  It cannot be said that he "abandoned" his client in this matter, when defendants never actually became his client.   His inaction therefore does not constitute gross negligence to justify setting aside the default.

The record demonstrates that defendants received actual notice of the lawsuit, and consulted with at least two lawyers during the time available to answer.  The record also demonstrates that Ann Abbott is generally familiar with the legal process, having been sued regarding Eurosport horses at least two times previously.  Under these circumstances, the Court finds that defendants' failure to answer was deliberate,  and therefore constitutes culpable conduct.  TCI Group Life Insurance Plan v. Knoebber, 244 F. 3d at  697; 699 n. 6;   Meadows v. Dominican Republic, 817 F. 2d at 522.  This culpable conduct alone is sufficient basis for denying the motion to vacate the default judgment.   In re Hammer, 940 F. 2d at 1108.

Defendants have based their motion to vacate the default judgment on Rule 60(b)(1)'s elements of mistake or excusable neglect.  However, the Court notes that under Rule 60(b)(6), a party may merit relief from a default judgment  by demonstrating "extraordinary circumstances which prevented or rendered [her] unable to prosecute [her case]." Community Dental Services, 282 F. 3d at 1168, *quoting*

 ORDER ON MOTION TO VACATE
 JUDGMENT OF DEFAULT - 6

Martella v. Maraine Cooks & Stewards Union, 488 F. 2d 729, 730 (9th Cir. 1971) (*per curium*). In her supplemental declaration filed with the reply, defendant Abbott asserts for the first time that it was personal and family issues that distracted her from defending this action diligently. While she has offered these circumstances as an additional basis for finding excusable neglect, the Court will also, in the interest of fairness to defendants, consider them under Rule 60(b)(6). While the Court is not without sympathy for these family problems, defendant Abbott's complete failure to give the relevant dates of her parents' automobile accident and her brother's hospitalization renders her statement an insufficient demonstration of extraordinary circumstances. She has not shown that she was completely unable to prosecute her case throughout the entire sixty-day answer period. Indeed, the record establishes that she signed the waivers of service, and consulted with her California attorney,[3] in early December, when a full month remained for her to answer.[4]

As defendants have failed to show excusable neglect or extraordinary circumstances, defendants' Rule 60(b) motion to set aside entry of default and vacate the default judgment (Dkt. # 10) is DENIED.

DATED this   2   day of May, 2005.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

---

[3] Defendants have not alleged negligence on the part of the California attorney as a basis for the Rule 60(b)(1) motion.

[4] The second traumatic event to which plaintiff refers occurred January 15, 2005, after the Fed.R.Civ. Proc. Rule 4 time for answering had already run.

ORDER ON MOTION TO VACATE
JUDGMENT OF DEFAULT - 7